Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Lan P. Vu (SBN 232798)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:    (310) 975-1080
Facsimile:    (310) 975-1095
Email:        njohnson@jjllplaw.com
              djohnson@jjllplaw.com
              lvu@jjllplaw.com

Mark Estes (SBN 110518)
1925 Chalcedony Street
San Diego, California  92109
Telephone:    (310) 628-8801
Facsimile:    (858) 581-2151
Email:         mestes1@san.rr.com

Attorneys for Plaintiff, Primesites, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIMESITES, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORAL REEF PRODUCTIONS, INC. dba ONESOURCETALENT.COM, a Michigan corporation, and DOES 1-10,<br><br>　　　　　　　　Defendants. | CASE NO.: CV-09-2609 PSG (RZx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Hon. Philip S. Gutierrez |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

This Protective Order is entered to facilitate the production and receipt of information during discovery by the parties to the above action, plaintiff PRIMESITES, INC. ("PRIMESITES") and defendant CORAL REEF PRODUCTIONS, INC. dba ONESOURCE

– 1 –

TALENT ("OST"), and others who are not parties to the above-captioned action ("third-party(ies)"), and to protect trade secrets and other confidential research, development or commercial information that may be produced or otherwise disclosed during the course of the above action.

PRIMESITES and OST, by affixing their signatures to this document, have agreed to be bound by a Protective Order on the terms set forth below.  It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery proceedings in this action, and upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c),

**IT IS ORDERED** that:

    1.    **INFORMATION SUBJECT TO THIS ORDER**

    a)    **CONFIDENTIAL INFORMATION** - For the purposes of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean all information or material which is (i) produced for or disclosed to counsel for a receiving party (Plaintiff or Defendant), and (ii) considered by a producing party (Plaintiff, Defendant, or any third-party) to constitute or to contain trade secrets or other material reasonably believed by that party to constitute, reflect, or disclose non-public commercial information relating to:

    (i)    The financial performance or results of the producing party, including, without limitation, income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

    (ii)    Corporate and strategic planning by the producing party, including, without limitation, marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

    (iii)    Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors, of the producing party; and

    (iv)    Technical data, research and development data, and other confidential

commercial information or trade secrets of the producing party.

(v) "CONFIDENTIAL INFORMATION" contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, etc., or copies thereof shall be designated by stamping or affixing thereto the legend on each page thereof: **"CONFIDENTIAL INFORMATION"**.

b) **ATTORNEYS EYES ONLY INFORMATION** -  For the purposes of this Protective Order, "ATTORNEYS EYES ONLY INFORMATION" shall mean all information which meets the definition of "CONFIDENTIAL INFORMATION" described above and constitutes information reasonably deemed by the producing party to be so sensitive that disclosure should be strictly limited in accordance with the provision and restriction of paragraph 5(b) of this Protective Order.  Examples of appropriate "ATTORNEYS EYES ONLY INFORMATION" include, but are not limited to, log file code, recent information regarding contemplated contracts with third parties, future business plans, and other material of a highly proprietary nature (such as code or other trade secrets) that is not available to competitors and provides a competitive advantage that could be used to the disadvantage of the producing party if obtained by a competitor.  "ATTORNEYS EYES ONLY INFORMATION" contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, etc., or copies thereof shall be designated by stamping or affixing thereto the legend on each page thereof:  **"ATTORNEYS EYES ONLY INFORMATION"**.

2. "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph hereof may be designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" by the producing party by advising the receiving party in writing prior to the production or contemporaneously with the production that such information is designated confidential or attorneys eyes only under the provisions of this Protective Order.

3. Any "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" designated as set forth in paragraphs 1 and 2 hereof shall be handled by the receiving parties in accordance with this Protective Order.  The designation of information as "CONFIDENTIAL INFORMATION," or "ATTORNEYS EYES ONLY INFORMATION," pursuant to this Protective Order shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, development or commercial information.

4. **EXCLUSIONS** - The restrictions set forth in any of the paragraphs hereof with respect to "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" shall not apply to:

a) Any information which at the time of the disclosure to a receiving party is in the public domain;

b) Any information which after disclosure to a receiving party becomes part of the public domain as a result of events not involving a violation of this Protective Order as shown by a receiving party;

c) Any information which a receiving party can show was rightfully within its possession at the time of the disclosure; or

d) Any information which a receiving party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

Prior to disclosing any such information to any person not authorized to receive "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" pursuant to paragraph 5 of this Protective Order, the receiving party shall advise the producing party of the grounds upon which the receiving party contends that the information is not confidential or not attorneys eyes only and shall follow the procedure specified in paragraph 15 hereof.

**5.     PERSONS AUTHORIZED TO RECEIVE INFORMATION**

a)     For the purpose of this Protective Order, an "authorized recipient" of "CONFIDENTIAL INFORMATION" shall mean:

(i)     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(ii)    employees and independent contractors of such counsel;

(iii)   individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(iv)   consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of Attachment A annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by the defendant or one of its competitors, the party shall follow the paragraph 7(b);

(v)    any authors of the Confidential Information;

(vi)   the Court, jurors during trial, court personnel, and court reporters; and

(vii)  witnesses (other than persons described in Paragraph 5(a)(iv)). A witness shall sign Attachment A before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Attachment A only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 1 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

b)     For the purpose of this Protective Order an "authorized recipient" of "ATTORNEYS EYES ONLY INFORMATION" shall mean those persons identified in

– 5 –
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

subparagraphs 5(a)(i), (ii), (v), (vi), of this Protective Order and any independent consultant, expert or other person who obtains authorization to receive such information pursuant to paragraph 7(b) of this Protective Order.

  c) Any person or other entity that joins or is joined in the above action as a party shall have access to "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" in accordance with the provisions of this Protective Order upon its outside counsel executing, and filing with the Court, a declaration in which the newly joined party, its counsel agree to be fully bound by this Protective Order.

  6. **LIMITATIONS ON USE**

  "CONFIDENTIAL INFORMATION" and "ATTORNEYS EYES ONLY INFORMATION" shall be held in confidence by each authorized recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other purpose, and shall not be disclosed to any person who is not an authorized recipient. All produced "CONFIDENTIAL INFORMATION," and "ATTORNEYS EYES ONLY INFORMATION" shall be carefully maintained so as to preclude access by persons who are not authorized recipients.

  **7.** **DISCLOSURE OF INFORMATION**

  a) Should a receiving party find it necessary in the preparation for trial of the above action to disclose a producing party's "CONFIDENTIAL INFORMATION," to business persons employed by a party to the above action whose functions require that they have access to "CONFIDENTIAL INFORMATION" in connection with the prosecution or defense of this action, then the person to whom disclosure is to be made shall execute a written signed assurance in the form of **Attachment "A"** hereto stating that he or she has read and understood this Protective Order and agrees to be bound by its terms. The receiving party shall retain all such written signed assurances.

  b) Should a receiving party find it necessary in the preparation for trial of the above action to disclose a producing party's "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" to an independent technical and/or

business consultant ("Consultant") retained by the receiving party or its attorneys for the purpose of assisting in connection with this action, then a notice shall be served on the producing party, identifying the Consultant, his or her address and telephone number, his or her present employer, his or her position, and include his or her C.V. Such notice shall be accompanied by a written signed assurance by the Consultant in the form of **Attachment "B"** hereto stating that he or she has read and understood this Protective Order and agrees to be bound by its terms. If the producing party objects to the proposed disclosure, it shall have five (5) business days after the receipt of the notice to provide via facsimile or overnight courier the receiving party with a written objection to the disclosure, which objection shall state the reasons for objecting to this disclosure. The objecting party shall then have five (5) business days to file a motion or a motion seeking leave to file a motion to prevent the disclosure to the consultant. The disclosure of "ATTORNEYS EYES ONLY INFORMATION" shall not be made to the Consultant until approval is given by the producing party or until ten (10) business days after the producing party's receipt of the notice, whichever is earlier; provided, however, that if the producing party objects and files a motion as provided above, a disclosure shall not be made except upon further order of this Court.

8.  Nothing in this Protective Order shall prohibit the transmission or communication of "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" between or among authorized recipients by hand delivery, face to face a conference, or

   a) in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

   b) by telephone, telegram, facsimile or other electronic transmission system, if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not an authorized recipient.

9.  An attorney who is an authorized recipient under the terms of paragraph 5 hereof, may render advice to his or her client with respect to this action and rely generally

– 7 –

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

upon confidential information. However, in rendering advice or in otherwise communicating with his or her client, such attorney shall not disclose the content or the source of any "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" where such disclosure would not otherwise be permitted under the provisions of this Protective Order.

10. A party that files with the Court, ~~or seeks to use at trial~~, materials designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" and who seeks to have the record containing such information sealed, shall submit the materials pursuant to Central District Local Rule 79-5.

~~11. A party that files with the Court, or seeks to use at trial, materials designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" by anyone other than itself shall comply with either of the following requirements:~~

~~a) At least ten (10) business days prior to the filing or use of the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION," the submitting party shall give notice to all other parties, and to any non-party that designated the materials as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" pursuant to this Order, of the submitting party's intention to file or use the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION," including specific identification of the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION." Any affected party or non-party may then file a motion or application to seal pursuant to Central District Local Rule 79-5; or~~

~~b) At the time of filing or desiring to use the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION," the submitting party shall submit the materials pursuant to Central District Local Rule 79-5.~~

12. In connection with a request to have materials sealed pursuant to Paragraph 10 or Paragraph 11, the requesting party's declaration shall contain sufficient particularity with respect to the particular "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES

– 8 –
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

ONLY INFORMATION" and the basis for sealing to enable the Court to make appropriate findings.

13.  The inadvertent or unintentional production of discovery materials without designation as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" without redaction of non-relevant confidential information shall not be deemed a waiver in whole or in part of a claim of confidential treatment under the terms of this Protective Order. Any document that is produced without being designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" may be so designated or redesignated, with respect to future disclosure by the producing party, and the receiving parties shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in paragraph here of as authorized to receive such document as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons. In the event that any document is produced with non-relevant confidential information unredacted, the producing party may notify the receiving party of such fact and provide a redacted copy of such document to the receiving party. Upon receipt of such notice, the receiving party shall make all reasonable efforts to retrieve all unredacted copies, if any, of such document and to prevent further use or disclosure of the information to be redacted and shall return all such unredacted copies to the producing party or certificate in writing that they have been destroyed.

14.  If a party inadvertently or unintentionally has produced any discovery material that is subject to a claim of privilege or immunity, the discovery material for which a claim of inadvertent or unintentional production is made and any copies thereof shall be returned, upon request, to the producing party within three (3) business days of such request, and any notes or summaries referring or relating to any such inadvertently or unintentionally produced discovery material shall be destroyed to the extent practicable. The inadvertent or unintentional production of any discovery material shall not be deemed a waiver of any claim of privilege or immunity that the producing party may have with respect to such

material or the contents thereof. Notwithstanding the foregoing, after returning such discovery material, the receiving party may seek an order from this Court compelling the production of returned discovery material previously produced inadvertently or unintentionally.

15. Nothing in this Protective Order shall prevent a receiving party from contending that any or all "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" is not confidential.

(a) Any receiving party may at any time object to the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" designation with respect to any document, object and/or information. Such objection shall be written, it shall be served on counsel for the producing party and shall particularly identify the "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" that the receiving party contends is not confidential and the reasons supporting its contentions. Thereafter, the designating party shall have ten (10) days to move the Court to uphold its designation of the documents as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION." The party seeking to protect the information and/or document bears the ultimate burden, in any such motion, to establish the appropriateness of the protection or degree of protection sought.

(b) Nothing in this Protective Order shall be deemed to preclude or affect:

(i) A party's use of its own "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" for any purpose; or

(ii) A party's use of any information, documents or other materials designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" obtained lawfully by a receiving party independently of the discovery proceedings in the above action.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground other than the presence of "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES

ONLY INFORMATION."

## MISCELLANEOUS PROVISIONS

17.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective or by a statement by such attorney made on the record in the course of a deposition or a hearing before the Court.

18.     Within sixty (60) days of final termination of the above action with respect to any receiving party, including all appeals, each such receiving party and its authorized recipients shall, at its option, either return to the producing party or destroy all physical objects and documents which embody "CONFIDENTIAL INFORMATION," "ATTORNEYS EYES ONLY INFORMATION" and which were received from the producing party, and shall destroy, in whatever form stored or reproduced, all other physical objects and documents, including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials, which contain "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION." Notwithstanding the above, outside counsel for each of the parties shall have the right to maintain a copy of all correspondence, pleadings, deposition transcripts and exhibits thereto, documents referred to in pleadings or introduced into evidence and the trial counsel's work product materials. Within sixty (60) days of such final termination of the above action, each such receiving party shall confirm in writing to each other party its compliance with the terms of this paragraph.

19.     This Protective Order is entered without prejudice to the right of any person to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires.

20.     The parties also may amend or modify any provision of this Protective Order by mutual agreement which agreement shall be embodied in a written stipulation to be submitted for approval by the Court.

21.     The Court retains jurisdiction to make such amendments, modifications, a

deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use end/or disclosure of "CONFIDENTIAL INFORMATION" and "ATTORNEYS EYES ONLY INFORMATION" shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

DATED: November 17, 2009          JOHNSON & JOHNSON LLP

                                  By:     /s/ Douglas J. Johnson
                                          Douglas L. Johnson

                                  Attorneys for Plaintiff
                                  PRIMESITES, INC.
                                  d/b/a ExploreTalent.com,
                                  a California corporation

DATED: November 17, 2009          NASSIRI & JUNG LLP

                                  By:     /s/ Charles H. Jung
                                          Charles H. Jung

                                  Attorneys for Defendant
                                  CORAL REEF PRODUCTIONS, INC.
                                  d/b/a ONESOURCETALENT.COM, a
                                  Michigan Corporation

~~ORDER~~

~~PURSUANT TO STIPULATION, IT IS SO ORDERED~~.

This order shall not govern proceedings in connection with dispositive motions, or at trial. If any party desires protection in connection with such proceedings or

1  trial, the party shall seek such protection separately, from the judicial officer who will
2  preside.
3       IT IS SO ORDERED.

5       DATED:  November 20, 2009     _____
                                                UNITED STATES MAGISTRATE JUDGE

– 13 –
[PROPOSED] STIPULATED PROTECTIVE ORDER

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIMESITES, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CORAL REEF PRODUCTIONS, INC. dba ONESOURCETALENT.COM, a Michigan corporation, and DOES 1-10,<br><br>　　　　　　Defendants. | CASE NO.: CV-09-2609 PSG (RZx) |

UNDERTAKING OF  _____

FOR ACCESS TO CONFIDENTIAL INFORMATION

　　I, _____, state that:

　　1.　My address is _____

　　2.　My present employer is _____

　　3.　My present occupation or job description is _____
_____

　　4.　On _____, I have received a copy of the Protective Order entered in the above-captioned action signed by United States District Judge _____ on November \_\_\_, 2009.

　　5.　I have carefully read and understand the provisions of the Protective Order.

　　6.　I will comply with all of the provisions of the Protective Order.

– 14 –

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-captioned action, any "CONFIDENTIAL INFORMATION" which is disclosed to me.

8. I will return all "CONFIDENTIAL INFORMATION" which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____ at _____ [City, State].

_____
Name:

# ATTACHMENT B

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMESITES, INC., a California corporation,<br><br>    Plaintiff,<br><br> v.<br><br>CORAL REEF PRODUCTIONS, INC. dba ONESOURCETALENT.COM, a Michigan corporation, and DOES 1-10,<br><br>    Defendants. | CASE NO.: CV-09-2609 PSG (RZx) |

  UNDERTAKING OF _____

  FOR ACCESS TO ATTORNEYS EYES ONLY INFORMATION

  I, _____, state that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____
_____

4. On _____, I have received a copy of the Protective Order entered in the above-captioned action signed by United States District Judge _____ on November \_\_\_, 2009.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-captioned action, any "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION," which is disclosed to me.

8. I will return all "CONFIDENTIAL INFORMATION" and "ATTORNEYS EYES ONLY INFORMATION" which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____ at _____ [City, State].

_____
Name: